UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JANEAN COLLINS,<br><br>    Defendant. | Case No. 11-mc-50839<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY AS MOOT DEFENDANT'S REQUEST FOR A HEARING (ECF NO. 8)**

  The Clerk's Office entered a writ of continuing garnishment as to garnishee Henry Ford Health System (HFHS), believed to be Defendant Janean Collins's employer. ECF No. 5. Collins requests a hearing, claiming that the garnishment could cause her economic hardship. ECF No. 8. The government opposes Collins's request. ECF No. 11. The Honorable David M. Lawson referred the matter to the undersigned for a garnishment hearing under 28 U.S.C. § 636(b)(3). ECF No. 9. The Court **RECOMMENDS** that Collins's request for a hearing be **DENIED** as moot.

  In 2005, the government obtained a criminal judgment of restitution against Collins. *United States v. Collins*, No. 04-cr-81032, Judgment, ECF

No. 117 (E.D. Mich.). In May 2023, the government attempted to garnish Collins' wages from HFHS. ECF No. 5. But HFHS then disclosed that Collins's employment was terminated in November 2022. ECF No. 7.

The government argues that there is no basis for a hearing, as "there are no wages subject to the garnishment issued to [HFHS]." ECF No. 11. The Court agrees and finds that Collins's request for a garnishment hearing should be **DENIED** as moot. See United States v. Bowie, No. 09-13981, 2010 WL 1286429 (E.D. Mich. Mar. 5, 2010), adopted, 2010 WL 1286428 (E.D. Mich. Mar. 31, 2010) (denying a request for hearing when the defendant's employment had been terminated).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 27, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2023.

                                         s/Marlena Williams
                                         MARLENA WILLIAMS
                                         Case Manager